THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| KIMBERLY D. WAUGH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:11 CV-85-RLV |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## CONSENT ORDER

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under Sentence Four of Section 405(g)[1] of the Social Security Act, 42 U.S.C. §405(g), and in light of the government's offer to remand this action for further agency action and plaintiff's agreement to such offer, as a resolution of her pending motion for judgment on the pleadings[2], it is ordered that this matter be remanded to the Appeals Council, so that it may issue a an order remanding this case to an ALJ for further development of the record. On remand, the ALJ will be directed (1) to further assess the opinion evidence, (2) if necessary and available, to obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments, (3) to reassess the credibility of claimant's allegations, (4) to further evaluate the claimant's mental impairments in accordance

---

[1] Under Sentence Four: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[2] While entitled, "Defendant's Response To Plaintiff's Motion For Judgment On The Pleadings," the Commissioner's March 19, 2012 filing effectively moves for remand pursuant to sentence four of 42 U.S.C. § 405(g). (Document #15) As such, the Commissioner's response is hereby construed by the Court as a Motion for Remand.

with the special technique described in CFR §404.1520a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described, (5) to further consider the claimant's residual functional capacity, and (6) to obtain vocational expert evidence to clarify the effect of the assessed limitations on the claimant's occupational base.

Therefore, the Commissioner's Motion for Remand (Document #15) is hereby **GRANTED**. With the consent of the parties, this Court hereby **REVERSES** the Commissioner's decision under Sentence Four of 42 U.S.C. §405(g) with a **REMAND** of the cause to the Commissioner for further proceedings, as specified above. See Shalala v. Schaefer, 509 U.S. 292 (1993); Melkonyan v. Sullivan, 501 U.S. 89 (1991). The Deputy Clerk is directed to enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Signed: March 20, 2012

Richard L. Voorhees
United States District Judge