# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:11-CV-85-RLV-DCK

| | |
|---|---|
| KIMBERLY D. WAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Attorney Fees Under § 406(b) Of The Social Security Act" (Document No. 20) filed January 29, 2013. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion without prejudice.

By the instant motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." It appears that the Social Security Administration (SSA) has determined that Plaintiff's past due benefits are $96,168.00 for October 2004 through September 2012. (Document No. 20-2, p.2). The SSA has withheld $24, 042.00 from Plaintiff's past-due benefits to pay her representative(s). (Document No. 20-2, p.3). Apparently, $6,000.00 has already been paid to "Plaintiff's counsel for the hearing . . . for his work before the Agency." (Document No. 20, p.1). Plaintiff's counsel now "has agreed to

**only seek $14,200.00** of the remaining $18,042.00 in fees for work performed before this court." Id. (emphasis added).

The undersigned notes that "Plaintiff's Petition For Attorney Fees Under The Equal Access To Justice Act 28 U.S.C. § 2412" (Document No. 18) sought, and was allowed, attorney's fees in the amount of $2,572.12. (Document No. 19). Plaintiff based that amount "upon the CPI adjusted rate of $180.50 per hour for 14.25 hours of attorney work performed." (Document No. 18, p.1; Document No. 18-1). Plaintiff's counsel now asserts that the $2,572.12 in EAJA attorney fees will be reimbursed to Plaintiff upon award and receipt of the § 406(b) fees.

The Court recognizes Plaintiff's "Fee Contract For Federal Court" (Document No. 20-1) which allows for Plaintiff's current counsel to get 25% of past-due benefits, less fees previously assigned to Attorney Walter Patterson, and that the instant motion is unopposed. However, the undersigned does not find that the instant motion adequately asserts that "a reasonable fee" in this case is $14,200.00 for 14.25 hours of work.

Recent caselaw provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10cv115-MR, 2012 WL 3155578 at *2 (W.D.N.C. August 2, 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005)). In Griffin, the plaintiff "received an award of past due benefits in the amount of $100,414.00" and had an agreement with counsel that would allow counsel to seek 25 percent of the past-due award; however, Griffin's counsel only sought $4725.75 for "the time expended by him and his paralegal." Griffin, 2012 WL 3155578 at *1-2.

Another fairly recent decision within this Circuit also holds that the "attorney for the successful claimant bears the burden of showing the Court 'that the fee sought is reasonable for

2

the service rendered.'" West v. Astrue, 2008 WL 1927308 at *1 (N.D.W.Va. April 29, 2008) (quoting Gisbrecht, 535 U.S. at 807). The court in West found that an award of a contingency fee that "would result in an hourly compensation rate of $1,027.56 per hour" was a "windfall" and then reduced the attorney's fees award to 11% of the past-due benefits award. West, 2008 WL 1927308 at *4.

The undersigned also finds language from an older Fourth Circuit decision to be instructive:

> these disability cases are frequently drawn out over a considerable period of time and the accrued benefits which are ultimately determined to be payable may be very substantial. When they are, judges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum. The statute directs a determination and allowance of a reasonable fee and the courts are responsible under the Act for seeing that unreasonably large fees in these Social Security cases are not charged or collected by lawyers.

Redden v. Celebreeze, 370 F.2d 373, 376 (4th Cir. 1966).

Based on the foregoing, the undersigned will deny the instant motion, without prejudice to Plaintiff renewing her request for attorney fees. A renewed motion should explain why the requested fee is reasonable, describe the time spent by counsel on this case, as well as her typical non-contingent fee hourly rate, and cite appropriate authority supporting the request for fees.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Attorney Fees Under § 406(b) Of The Social Security Act" (Document No. 20) is **DENIED WITHOUT PREJUDICE**.

Signed: February 5, 2013

David C. Keesler
United States Magistrate Judge