# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:11-CV-085-RLV-DCK

| | |
|---|---|
| KIMBERLY D. WAUGH, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Renewed Motion For Attorney Fees Under § 406(b) Of The Social Security Act" (Document No. 22). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion, with modification.

## BACKGROUND

Plaintiff Kimberly D. Waugh ("Plaintiff" or "Waugh"), represented by attorney Walter B. Patterson, filed her "Complaint" initiating this action on or about June 25, 2011. (Document No. 1). On September 9, 2011, the Court issued its "Pretrial Scheduling Order" setting deadlines for the parties' motions for summary judgment and supporting memoranda. (Document No. 4).

Attorney Charlotte W. Hall filed a "Notice Of Appearance" (Document No. 5) on November 7, 2011. The next day Ms. Hall requested a thirty (30) day extension of time "to review the record and prepare the brief." (Document No. 6). The case docket reflects that on

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as defendant in this case.

December 6, 2011, Mr. Patterson's representation was terminated, and Ms. Hall filed a request for an additional extension of ten (10) days to "review the record and prepare the brief." (Document No. 9). The Court allowed both of Plaintiff's requests for additional time. See (Document Nos. 7 and 10).

Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 11) and "…Memorandum In Support…" (Document No. 12) were filed December 19, 2011. Following an extension of time, Defendant filed a "Response To Plaintiff's Motion For Judgment On The Pleadings" (Document No. 15) on March 19, 2012. In its response, Defendant conceded that this matter should be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Document No. 15). On March 20, 2012, the Court issued a "Consent Order" (Document No. 16) reversing the Commissioner's previous decision and remanding the case to the Commissioner for further proceedings.

In April 2012, Plaintiff through the "Plaintiff's Petition For Attorney Fees Under The Equal Access To Justice Act 28 U.S.C. § 2412" (Document No. 18) sought, and was allowed, attorney's fees in the amount of $2,572.12. (Document No. 19). Plaintiff's EAJA request was based "upon the CPI adjusted rate of $180.50 per hour for 14.25 hours of attorney work performed." (Document No. 18, p.1; Document No. 18-1).

The Social Security Administration ("SSA") issued Plaintiff a "Notice Of Award" (Document No. 20-2) on or about December 11, 2012. Pursuant to the "Notice Of Award," the SSA determined that Plaintiff's past due benefits are $96,168.00 for October 2004 through September 2012. (Document No. 20-2, p.2). The SSA withheld $24,042.00 from Plaintiff's past-due benefits to pay her representative(s). (Document No. 20-2, p.3). Apparently, $6,000.00

has already been paid to "Plaintiff's counsel for the hearing . . . for his work before the Agency." (Document No. 20, p.1).

On January 29, 2013, "Plaintiff's Motion For Attorney Fees Under § 406(b) Of The Social Security Act" (Document No. 20) was filed with the Court. By that motion, Plaintiff's remaining counsel, Ms. Hall, sought an award of attorney fees under 42 U.S.C. § 406(b), which provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." Plaintiff's counsel's first motion for §406(b) fees stated that she "has agreed to only seek $14,200.00 of the remaining $18,042.00 in fees for work performed before this court." (Document No. 20, p.1). The motion further indicated that Defendant did "not intend to oppose this petition for fees." (Document No. 20, p.2).

The undersigned denied "Plaintiff's Motion For Attorney Fees Under § 406(b) Of The Social Security Act" (Document No. 20) on February 5, 2013, without prejudice. (Document No. 21). The Court directed that if Plaintiff renewed her request for § 406(b) fees she "should explain why the requested fee is reasonable, describe the time spent by counsel on this case, as well as her typical non-contingent fee hourly rate, and cite appropriate authority supporting the request for fees." Id.

"Plaintiff's Renewed Motion For Attorney Fees Under § 406(b) Of The Social Security Act" (Document No. 22) was filed February 13, 2013. By the instant motion, Plaintiff now asserts "that an attorney fee of $14,200.00 under 42 U.S.C.A. § 406(b) for 17.5 hours of attorney work performed and 3.5 hours of legal assistant work performed is reasonable in this case and asks that the Court grant this request." (Document No. 22, p.3). Defendant has failed to file a response to the pending motion and the time to do so has lapsed. See Local Rule 7.1 (E).

# DISCUSSION

The Social Security Act allows that "[w]henever a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court *may* determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total past due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406 (b)(1)(A) (emphasis added).

In <u>Mudd v. Barnhart</u>, the Fourth Circuit provides a discussion of the application of 42 U.S.C. § 406(b) and the Supreme Court's holding in <u>Gisbrecht v. Barnhart</u> that is instructive here. <u>Mudd v. Barnhart</u>, 418 F.3d 424, 427-428 (4th Cir. 2005).

> <u>Gisbrecht</u> clarified the legal framework to be used for awarding attorney's fees under § 406(b) for the successful in-court representation of a Social Security benefits claimant who has signed a contingent-fee agreement. . . . <u>Gisbrecht</u> held that the lodestar approach was inappropriate for evaluating a contingent-fee agreement under § 406(b). <u>Id.</u> at 793, 122 S.Ct. 1817. The Court thus embraced "the primacy of lawful attorney-client fee agreements," concluding that " § 406(b) [was designed] to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." <u>Id.</u> As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, noted the Court, § 406(b) simply instructs a court to review the agreement for reasonableness. <u>Id.</u> at 807, 122 S.Ct. 1817.
>
> . . . The <u>Gisbrecht</u> decision instructs courts to "approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." 535 U.S. at 808, 122 S.Ct. 1817. The Court did not provide a definitive list of factors to be considered because it recognized that the "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts." <u>Id.</u> Nevertheless, the <u>Gisbrecht</u> Court noted that a reduction in the contingent fee may be appropriate when (1) the fee is out of line with "the character of the representation and the results ... achieved," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," or (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case."

Id. (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002)).

In reviewing the request for fees, a "reviewing court should disallow 'windfalls for lawyers.'" Washington v. Colvin, 2013 WL 1810586 at *2 (E.D.N.C. Apr. 29, 2013) (quoting Gisbrecht, 535 U.S. at 808; and Rodriguez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989)). "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Gisbrecht, 535 U.S. at 808 (citing Rodriguez, 865 F.2d at 741).

As noted in its prior decision, the Court recognizes Plaintiff's "Fee Contract For Federal Court" (Document No. 20-1) which allows for Plaintiff's current counsel to get 25% of past-due benefits, less fees previously assigned to Attorney Walter Patterson. "Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms." Gisbrecht, 535 U.S. at 808 (quoting McGuire v. Sullivan, 873 F.2d at 974, 983 (7th Cir. 1989)). As such, the issue now before this Court is whether Plaintiff's counsel's request for fees in the amount of $14,200.00 is reasonable.

In the Court's "Order" (Document No. 21) denying the first request for § 406(b) fees without prejudice, the undersigned instructed Plaintiff's counsel to explain the reasonableness of the requested fee and her typical non-contingent fee hourly rate, and to cite appropriate authority supporting her request. (Document No. 21, p.3). In her "…Renewed Motion…" Plaintiff's counsel declares that she does not have a typical hourly rate because she charges according to statutory guidelines, but noted that she charges an adjusted rate of the $125 per hour EAJA fee set by Congress. (Document No. 22, p.1)(citing 28 U.S.C. 2412 (d)(2)(A)).

Plaintiff's "…Renewed Motion…" adjusted counsel's time spent on the case from 14.25 hours to 17.75 hours. See (Document No. 18-1; Document No. 22-2). In addition, Plaintiff now states that Ms. Hall's legal assistant spent 3.5 hours "assisting Plaintiff in completing her federal court filing paperwork and subsequently filing the case with this Court." The undersigned finds Plaintiff's assertion regarding time spent by Ms. Hall's legal assistant filing the case to be inconsistent with the record, which reflects that Mr. Patterson filed the "Complaint" on or about June 25, 2011, and that Ms. Hall and her law firm did not appear in this matter until several months later, on or about November 7, 2011. Moreover, Ms. Hall's time logs describe "reviewing case for appeal" on October 31, 2011, long after the case had been appealed to this Court. (Document No. 18-1; Document No. 22-2).

Plaintiff's "…Renewed Motion…" does include some authority supporting her request, although most of that authority is unpublished and/or from other circuits. Notably, Plaintiff cites Slapper v. Astrue, 5:10-CV-477-BO (E.D.N.C. May 16, 2012), which allowed an award of $20,221.00 in §406(b) fees; however, Plaintiff fails to explain how much time was spent on the Slapper case, or further describe how that fee was "reasonable." The undersigned observes that the Slapper case appears to have involved significantly more effort by Ms. Hall than the instant case. See Slapper, 5:10-CV-477-BO, Document No. 41 (E.D.N.C. Apr. 23, 2012). In Slapper, Ms. Hall was required to file: an IFP motion; a complaint; a motion for judgment on the pleadings and supporting memorandum; a response to a motion to alter judgment; a request for §406(b) fees; and she was required to argue one or more motions at a hearing before Judge Boyle. Id.

In this case, Ms. Hall first appeared several months after the case was filed, requested two extensions of time that caused at least some minor delay, filed a motion for judgment on the pleadings based on two (2) alleged errors, and then filed motions for EAJA and § 406(b) fees.

The "...Renewed Motion…" does not address any of the caselaw the undersigned previously cited. (Document No. 22). Such authority remains persuasive and bears repeating.

Recent caselaw provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10cv115-MR, 2012 WL 3155578 at *2 (W.D.N.C. August 2, 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005)). In Griffin, the plaintiff "received an award of past due benefits in the amount of $100,414.00" and had an agreement with counsel that would allow counsel to seek 25 percent of the past-due award; however, Griffin's counsel only sought $4,725.75 for "the time expended by him and his paralegal." Griffin, 2012 WL 3155578 at *1-2.

Another fairly recent decision within this Circuit also holds that the "attorney for the successful claimant bears the burden of showing the Court 'that the fee sought is reasonable for the service rendered.'" West v. Astrue, 2008 WL 1927308 at *1 (N.D.W.Va. April 29, 2008) (quoting Gisbrecht, 535 U.S. at 807). The court in West found that an award of a contingency fee that "would result in an hourly compensation rate of $1,027.56 per hour" was a "windfall" and then reduced the attorney's fees award to 11% of the past-due benefits award. West, 2008 WL 1927308 at *4.

The undersigned also finds language from an older Fourth Circuit decision to be instructive:

> these disability cases are frequently drawn out over a considerable period of time and the accrued benefits which are ultimately determined to be payable may be very substantial. When they are, judges should constantly remind themselves that, while the lawyer

7

> is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. **Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum**. The statute directs a determination and allowance of a reasonable fee and the courts are responsible under the Act for seeing that unreasonably large fees in these Social Security cases are not charged or collected by lawyers.

Redden v. Celebreeze, 370 F.2d 373, 376 (4th Cir. 1966) (emphasis added).

The undersigned also finds a more recent decision by Chief Judge Dever of the Eastern District of North Carolina instructive. Cooper v. Astrue, 2012 WL 2872446 (E.D.N.C. July 12, 2012). In Cooper, Chief Judge Dever concluded that a request for an award of $8,988 in § 406(b) fees, for counsel's twenty-five (25) hours of work before that court, was unreasonable. Cooper, 2012 WL 2872446 at *3. Instead, the Cooper decision held that an award of $6,875, an "effective hourly rate of $275," was reasonable, and included "a generous premium for [counsel]'s having assumed the risk of receiving no compensation for his work on Cooper's behalf." Id.

In this case, Plaintiff seeks an award of $14,200.00 for between 14.25 and 17.75 hours of work, or an effective hourly rate of between $996 and $800 per hour. It appears that a reasonable calculation of time spent by Plaintiff's counsel before this Court is about 14-15 hours. After careful consideration of the circumstances of this case and the caselaw cited above, including the guidance of Gisbrecht and Mudd, the undersigned is not persuaded that the fee sought by Plaintiff's counsel is reasonable. As previously discussed, there are some inconsistencies in the record that make it difficult to determine precisely how much time Ms. Hall spent on this case; nevertheless, the undersigned is not convinced that the time spent on the

case, compared to the awarded benefits, justifies the requested fee.  In short, Plaintiff's counsel has not adequately satisfied her burden of showing "that the fee sought is reasonable for the service rendered."  West, 2008 WL 1927308 at *1 (quoting Gisbrecht, 535 U.S. at 807).

Based on the foregoing, the undersigned has determined that a downward adjustment is appropriate here and that a reasonable fee, that still recognizes the risks inherent in this type of representation, is an award of **$9,021.00**.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Renewed Motion For Attorney Fees Under § 406(b) Of The Social Security Act" (Document No. 22) is **GRANTED with modification**, and the Court awards Plaintiff's counsel an attorney's fee of **$9,021.00**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall reimburse Plaintiff for **$2,572.12**, the amount of EAJA attorney fees previously awarded to Plaintiff's counsel, upon award and receipt of the § 406(b) fees allowed by this Order.

**SO ORDERED**.

Signed: June 4, 2013

David C. Keesler
United States Magistrate Judge